UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROSA TORRES, individually, and as mother and
natural guardian of E.M., an infant
over the age of 14 years, and K.B.M.,         12 CV 5191 (RJD) (SMG)
an infant under the age of 14 years,
and MARGARITA VICTORIA CHIMBORAZO,

                    Plaintiffs,     **SECOND AMENDED**
                                       **COMPLAINT AND**
                                       **JURY TRIAL DEMAND**

    -against-

DETECTIVE ROBERT LAURENDI, Shield No. 2021,
P.O. MICHAEL KORMUSIS, Shield No. 11213 and
THE CITY OF NEW YORK,

                    Defendants.
------------------------------------------------------------X

      Plaintiffs, ROSA TORRES, individually, and as mother and natural guardian of E.M., an infant over the age of 14 years, and K.B.M., an infant under the age of 14 years, and MARGARITA VICTORIA CHIMBORAZO, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

### JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiffs, invoking the pendent jurisdiction of this Court, also seek compensatory and punitive damages for false arrest, battery, and trespass.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff ROSA TORRES (hereinafter "TORRES") was and is a natural person, resident in the County of Queens, City and State of New York, and was and is the mother of the infant plaintiffs.

8. At all times relevant hereto, plaintiff E.M. was and is a natural person and an infant over the age of 14 years and was and is the son of plaintiff ROSA TORRES.

9. At all times relevant hereto, plaintiff K.B.M. was and is a natural person and an infant under the age of 14 years and was and is the son of pleintiff ROSA TORRES.

10. At all times relevant hereto, plaintiff MARGARITA VICTORIA CHIMBORAZO (hereinafter "CHIMBORAZO") was and is a natural person, resident in the County of Queens, City and State of New York, and was and is the grandmother of the infant plaintiffs.

11. At all times relevant hereto, all plaintiffs resided at the premises 40-50 Hampton Street, Apt. 105, Elmhurst, County of Queens, City and State of New York (hereinafter "subject premises").

12. At all times relevant hereto, plaintiff CHIMBORAZO was the lessee of the subject premises.

13. At all times relevant hereto, defendant DETECTIVE ROBERT LAURENDI, Shield No. 2021 (hereinafter "LAURENDI") was and is a natural person, employed as a detective by defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant P.O. MICHAEL KORMUSIS, Shield No. 11213 (hereinafter "KORMUSIS") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

15. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

16. On or about August 19, 2011, this date being within ninety (90) days after the pendent state claims herein sued upon accrued, plaintiffs served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

17. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claims.

18. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

19. The individual defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF ALL PLAINTIFFS
## <u>AGAINST THE INDIVIDUAL DEFENDANTS</u>
## (42 U.S.C. §1983)

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" hereinabove as if more fully set forth at length herein.

21. On or about July 19, 2011, at approximately 9:15 P.M., defendants LAURENDI and KORMUSIS rang the doorbell of the subject premises.

22. The sister of the infant plaintiffs opened the door.

23. Defendants LAURENDI and KORMUSIS asked for plaintiff TORRES.

24. Plaintiff TORRES came to the door.

25. The individual defendants, both in plainclothes, stated to plaintiff TORRES, in English, that they wanted to speak to plaintiff E.M. for a few minutes.

26. As plaintiff TORRES does not speak English, her daughter translated into Spanish what the individual defendants were saying.

27. Plaintiff TORRES told the officers that plaintiff E.M. was going to sleep, asked them what was the matter and also asked them if they had a warrant.

28. The individual defendants responded that they did not need a warrant.

29. Plaintiff K.B.M., at this point, became very upset and began to cry.

30. Defendant LAURENDI, observing plaintiff E.M. in a back room of the apartment, called out to him, "Erick, come out if you're a man. You're making your little brother cry."

31. One of the individual defendants told plaintiff TORRES that they were going to come in either the easy way or the hard way. One of the individual defendants further told her to speak English because she lives in America.

32. One of the individual defendants grabbed plaintiff TORRES's wrist with great force so as to get her out of the way, and both of them then barged their way into the apartment.

33. The individual defendant who grabbed plaintiff TORRES's wrist told her that if she did not cooperate she would be arrested.

34. Plaintiff E.M. got dressed.

35. The individual defendants took him outside and handcuffed him.

36. Plaintiff E.M. was taken to a New York City Police Department motor vehicle that had been parked outside and was placed inside the vehicle.

37. Plaintiff E.M. was driven to the stationhouse of the 115th Precinct.

38. Prior to his being taken out of his family's house, plaintiff E.M. had telephoned an attorney who was representing him in a pending criminal matter.

39. Plaintiff E.M.'s criminal attorney telephoned the 115th Precinct and informed police personnel there that plaintiff E.M. was not to be questioned unless he was present.

40. Nevertheless, at the Precinct, the individual defendants attempted to question plaintiff E.M..

41. However, plaintiff E.M. refused to say anything without his attorney being present.

42. Plaintiff E.M. was taken to Queens Central Booking.

43. Plaintiff E.M.'s arrest was designated as number Q11642568.

44. On or about July 20, 2011, at approximately 11:00 P.M., plaintiff E.M. was released from custody without being brought before a judge when the Office of the Queens County District Attorney declined to prosecute him.

45. The individual defendants hereto violated the rights guaranteed to each plaintiff by the fourth amendment to the Constitution of the United States in that, acting under color of state law, they entered the subject premises without being in possession of a search warrant or an arrest warrant; they arrested plaintiff E.M. without having probable cause to do so; they used excessive force upon plaintiff TORRES and they caused great mental anguish and emotional upset to plaintiff K.B.M.

46. As a result of the aforementioned acts committed by the individual defendants, plaintiff E.M. suffered a loss of liberty; plaintiff TORRES was physically injured and emotionally upset; plaintiff K.B.M. suffered great emotional distress and anguish, necessitating treatment therefor; and plaintiff CHIMBORAZO suffered a trespass upon her property.

47. By reason of the aforementioned unconstitutional and illegal actions taken against them by the individual defendants, plaintiffs have collectively been damaged in the amount of ONE MILLION ($1,000,000.00) DOLLARS and demand an additional ONE MILLION ($1,000,000.00) DOLLARS as punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF E.M.
## AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK
(False Arrest)

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "47" hereinabove as if more fully set forth at length herein.

49. On or about July 19, 2011, at approximately 9:15 P.M., at the premises 40-05 Hampton Street, Apt. 105, Elmhurst, County of Queens, City and State of New York, defendants LAURENDI and KORMUSIS, without probable cause, forcibly, wrongfully and unlawfully arrested plaintiff E.M. and, against this infant plaintiff's own free will, caused him to be incarcerated for approximately twenty-six hours.

50. Plaintiff E.M. was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement at the stationhouse of the 115th Precinct and at Queens Central Booking until he was released without charges being brought against him when the office of the Queens County District Attorney declined to prosecute him.

51. At the time they committed the aforesaid acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

52. By reason of the false arrest and false imprisonment committed by the individual defendants while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff E.M. suffered a loss of his liberty.

53. As a result of the aforementioned acts of false arrest and false imprisonment committed against him by the individual defendants, while they were

acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff E.M. has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and seeks an additional ONE MILLION ($1,000,000.00) DOLLARS as punitive damages against the individual defendants.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF TORRES
AGAINST THE INDIVIDUAL DEFENDANTS
AND THE CITY OF NEW YORK**
(Battery)

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

55. On or about July 19, 2011, at approximately 9:15 P.M., at the premises 40-05 Hampton Street, Apt. 105, Elmhurst, County of Queens, City and State of New York, one of the individual defendants, without probable cause, offensively touched plaintiff TORRES by grabbing one of her wrists with such force as to cause severe and painful bruising and then pulling her and shoving her out of his way.

56. The aforementioned force used by one of the individual defendants was not reasonable under the circumstances.

57. At the aforementioned time and place the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

58. By reason of the aforementioned battery committed against her by one of the individual defendants, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff TORRES suffered severe and painful physical and mental injury.

59. As a result of the battery committed upon her by one of the individual defendants, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff TORRES has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and seeks an additional ONE MILLION ($1,000,000.00) DOLLARS as punitive damages against the individual defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF CHIMBORAZO AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(Trespass)

60. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "59" hereinabove as if more fully set forth at length herein.

61. At all times relevant hereto, plaintiff CHIMBORAZO was the lessee of the premises 40-05 Hampton Street, Apt. 105, Elmhurst, County of Queens, City and State of New York, pursuant to a renewal lease entered into between her and York Apts LLC on October 25, 2010.

62. On or about July 19, 2011, at approximately 9:15 P.M., defendants LAURENDI and KORMUSIS entered into the aforementioned premises without having permission or a warrant authorizing them to do so and with force and violence, thereby preventing plaintiff CHIMBORAZO from having the enjoyment of and security in her dwelling that she was entitled to.

63. At the time that the individual defendants committed the aforementioned trespass, they were acting within the scope of their employment by defendant CITY OF NEW YORK.

64. By reason of the aforementioned trespass committed against her and her dwelling by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff CHIMBORAZO suffered a deprivation of the enjoyment of her dwelling and the security therein that she was entitled to.

65. As a result of the trespass committed upon her and her dwelling by the individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff CHIMBORAZO has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and seeks an additional ONE MILLION ($1,000,000.00) DOLLARS as punitive damages against the individual defendants.

WHEREFORE, plaintiffs, ROSA TORRES, individually, and as mother and natural guardian of E.M., an infant over the age of 14 years, and K.B.M., an infant under the age of 14 years, and MARGARITA VICTORIA CHIMBORAZO, demand judgment against the defendants, DETECTIVE ROBERT LAURENDI, Shield No. 2021, P.O. MICHAEL KORMUSIS, Shield No. 11213, and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

THIRD CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

FOURTH CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       April 8, 2013

*[signature]*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2214